SAMUEL HAMMOND, Respondent, *v.* GEORGE W. PENNOCK, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1872.)

In an action brought for the rescission of a contract to exchange the plaintiff's lands for lands of the defendant, and of the conveyances in execution thereof, on the ground of fraudulent misrepresentations made by defendant to plaintiff; the complaint claiming such other relief as might be just,

*Held,* that plaintiff was entitled to the rescission prayed for, if the representations by which plaintiff was induced to make the exchange were such as materially to affect the value of the lands received by him, and were untrue and plaintiff believed them, whether they appeared to have been fraudulently made or not. A mutual mistake of the parties in the absence of fraud would be sufficient ground for the relief, it appearing also that the parties could be restored to the positions originally occupied by them.

A notice served by plaintiff upon defendant, offering to relinquish all claim to the deed from defendant, which was in the hands of a third person, and demanding a restoration of what had been received by the defendant or of the avails thereof,

*Held,* a sufficient notice and offer to entitle the plaintiff to maintain the action.

THE action was brought to rescind a contract executed between plaintiff and defendant for exchange of plaintiff's property at Dexter, Jefferson county, for land of defendant

in Michigan, and the deeds executed thereunder, on the ground of fraud. It was tried before Mr. Justice Morgan in November, 1870, and he found the fraud alleged by the plaintiff, and directed a decree rescinding the contract and conveyances thereunder, and a reference to ascertain the present condition of plaintiff's property.

The decision contained various provisions by which the rights of the parties were protected, and they were restored substantially to their former positions.

The defendant moved for a new trial at General Term, pursuant to section 268 of the Code of Procedure, upon a case and exceptions.

*Milton H. Merwin*, for the plaintiff.

*L. J. Dorwin*, for the defendant.

Present—Mullin, P. J., Johnson and Talcott, JJ.

By the Court—Johnson, J. This is an action for the rescission of a certain contract between the plaintiff and the defendant to exchange certain lands and personal property in this State for wild lands in the State of Michigan, and of the conveyances in execution of said contract. The gravamen of the action alleged in the complaint is fraud on the part of the defendant, by which the plaintiff was induced to enter into the contract and execute it on his part. The complaint contains a prayer for general relief, as the court shall deem just. The fraudulent representations complained of as having been made by the defendant were, that the lands owned by him in the State of Michigan, and which he proposed to exchange to the plaintiff, and did exchange, were all dry and good lands and heavily covered with valuable fine timber, and among the best timbered lands in the State, and so situated, in reference to a stream of water passing through a portion thereof, that such timber could be easily and readily floated to market.

It turns out beyond all question that these representations

were entirely untrue, and that the said lands, instead of being good, dry lands, covered with pine timber, were all swamp lands, without any pine timber upon them, and were nearly if not entirely worthless. The court at Special Term found as matter of fact upon the evidence that the defendant had been guilty of fraud in certain material representations made by him, by which the plaintiff was deceived and induced to enter into the contract without going to examine the lands. It is contended by the defendant's counsel that this finding of fact is against evidence, and that a new trial should be granted on that ground amongst others. Upon an examination of the testimony it will be found that there are certain indicia and ear-marks of deception on the part of the defendant in his negotiations with the plaintiff, not very prominent, but which were calculated to ward off suspicion, and put vigilance at rest on the part of the plaintiff, and I am inclined to the opinion that the finding of the referee, to the extent to which it went in detecting deceit and fraud, is justified by the evidence.

But I have not been very careful to sift the evidence for the purpose of ascertaining whether or not there was any intentional misrepresentation on the part of the defendant, because, upon the broad and clear facts of the case, the plaintiff is undoubtedly entitled to the relief granted.

The material statements and representations made by the defendant in regard to the quality of the land, and the timber, which was its chief value, were unquestionably untrue in point of fact. There can be no doubt but that the plaintiff believed them to be substantially true; and if the defendant also believed them to be true, there was a mutual mistake and misapprehension as to most material facts, involving the entire consideration on one side.

If the defendant did not believe them, as he professed he did, then he was guilty of fraud; and in either case, the plaintiff is entitled to the relief demanded. It is not essential to this kind of relief that the statements and representations of the defendant were intentionally and corruptly false.

If they were untrue in fact, and the plaintiff purchased under the mistaken idea and belief that they were true, he is entitled to a decree of rescission, unless some other difficulty shall be found to stand in the way. The defendant's counsel contends that, under the complaint as it is framed, the plaintiff cannot have the relief demanded without proof of intentional misrepresentation and deceit on the part of the defendant.

But the contrary has been repeatedly held. In the case of *Belknap* v. *Sealy* (14 N. Y., 143), which was a case like this, where the complaint asked for a rescission, on the ground of false and fraudulent representations, though in regard to the quantity of the land, it was distinctly held that the plaintiff was entitled to the relief, although the misrepresentation was not fraudulent. The representation, in that case, was untrue in point of fact, and affected the value of the land essentially, but was honestly made by the vendor, as the fact was found to be, and yet the relief was held to have been properly given under the complaint. The question whether it could be properly given upon that state of facts, under the complaint, was distinctly raised in that case, as will be seen by the dissenting opinion.

In that case, the land was inclosed by a fence, and was examined by the purchaser before his purchase. So, too, in the case of *Dale* v. *Roosevelt* (5 Johns. Ch., 174); *S. C.* in error (2 Cow., 129).

In that case, the complaint asked for the relief on the ground of the fraudulent misrepresentations; and it was held that the plaintiff was entitled to the relief, whether the representations were fraudulently made, or were merely untrue in point of fact.

The notice served by the plaintiff on the defendant, dated June 11, 1868, was a sufficient notice and offer to entitle the plaintiff to maintain this action. It was a distinct proposal and offer to relinquish all claim to the deed for the Michigan lands, which, it seems, was then in the hands of a third person, and demands a restoration of what had been received by the defendant, or of the avails thereof.

The only obstacle to the maintenance of an action like this, when the property, or a portion of it, which has been received by one party, has been disposed of before suit brought, is the difficulty of restoring each party to their just rights by placing them *in statu quo.* But no such difficulty exists here, as will be plainly seen by referring to the decree which the court at Special Term ordered. By that the parties are, or will be, restored and placed *in statu quo* quite as fully as is commonly practicable in cases of this kind.

Inasmuch, therefore, as the case has been properly disposed of upon the merits, whether the representations were fraudulently made, or made in good faith by the defendant under a mistake as to facts, a new trial should be denied, with costs.

New trial denied.