OTTO BLOOMQUIST, Respondent, *v.* JOHN FARSON et al., Appellants.

WALLACE L. SNOW, Respondent, *v.* JOHN FARSON et al., Appellants.

**Equity — evidence — pleading — action to rescind exchange of bonds and for return of bonds transferred by plaintiff to defendant on ground that exchange was procured through misrepresentation of material facts — fraud and deceit need not be proved, although alleged, if misrepresentations influenced the exchange — adequate remedy at law must be pleaded as a defense and cannot be raised by motion to dismiss.**

1. An action may be maintained in equity to rescind a transaction which has been consummated through misrepresentation of material facts not amounting to fraud. Unlike an action at law for damages, intentional misstatements need not be proved.

2. The fact that the plaintiffs have alleged fraud and deceit is not fatal to the action, provided the proof established misrepresentations and that these are material, influencing the bargain, since equity will administer such relief as the exigencies of the case demand at the close of the trial.

3. Where a complaint alleges causes of action in equity and the proof establishes facts which justify equitable relief, an adequate remedy at law cannot be urged as a defense unless pleaded. Such objection cannot be raised for the first time on motions to dismiss.

4. Where, in an action in equity to rescind an exchange of traction bonds for irrigation bonds and have the traction bonds returned to the plaintiff, the complaint alleges that the exchange was effected by false representations knowingly and fraudulently made in the prospectus and by defendant's agents regarding the irrigation bonds, and the findings made by the trial court, unanimously approved by the Appellate Division, justify the conclusion that the plaintiffs had been led into an exchange of their traction bonds through false and misleading representations which were material, but that there was no actual fraud or intent to deceive, and that they were entitled to have the deal rescinded and their bonds returned, it is not ground for reversal that the plaintiff had failed to make out the cause of action pleaded, for the reason that he had alleged fraud and was bound to prove it and, therefore, could not recover in equity by showing merely false representations.

5. The fact that plaintiff cashed coupons of the irrigation bonds and held the proceeds for defendants' benefit is not so inconsistent with plaintiff's claim for rescission as to amount to an affirmance of the exchange. If the defendants desired to rely upon the cashing of an interest coupon as a waiver or ratification by plaintiff it·should have been pleaded.

*Bloomquist* v. *Farson,* 170 App. Div. 64, affirmed.

*Snow* v. *Farson,* 170 App. Div. 64, affirmed.

(Argued January 18, 1918; decided January 29, 1918.)

APPEAL, in each of the above-entitled actions, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 27, 1915, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Adelbert Moot* and *Helen Z. M. Rodgers* for appellants. The suit being based upon fraud, and the record being barren of any proof of fraud, the action cannot be maintained upon evidence which at most shows innocent misrepresentations due to mistake. (*Dudley* v. *Scranton,* 57 N. Y. 424; *McMichael* v. *Kilmer,* 76 N. Y. 36; *Lyon* v. *James,* 97 App. Div. 385; 181 N. Y. 512; *Bell* v. *James,* 128 App. Div. 241; 198 N. Y. 513; *Polhemus* v. *Polhemus,* 114 App. Div. 781; *Salisbury* v. *Howe,* 87 N. Y. 128; *Morris* v. *Talcott,* 96 N. Y. 100; *Truesdell* v. *Bourke,* 145 N. Y. 612; *Absalon* v. *Sickinger,* 102 App. Div. 383; *Ross* v. *Mather,* 51 N. Y. 108.) The plaintiffs ratified the exchanges so far as the Greeley-Poudre bonds were concerned by accepting payment of the June, 1912, interest coupons. (*Cobb* v. *Hatfield,* 46 N. Y. 533; *McNaught* v. *Eq. L. Assur. Society,* 136 App. Div. 774; *Schiffer* v. *Dietz,* 83 N. Y. 300; *Myers* v. *King,* 48 Hun, 109; *Urbansky* v. *Shirmer,* 111 App. Div. 50; *Feinberg* v. *Allen,* 208 N. Y. 215.)

*Louis L. Thrasher* for Otto Bloomquist, respondent. The conclusion of the trial court, that in an equitable action of this character it is not essential to plaintiffs' recovery that they prove intentional fraud, is well sustained by authority. (*Canadian Agency, Limited,* v. *Assets Realization Co.,* 165 App. Div. 96; *B. R. M. Co.* v. *B. R. Co.,* 90 Misc. Rep. 418; *Squiers* v. *Thompson,* 73 App. Div. 552; 172 N. Y. 652; *Lyon* v. *James,* 97 App. Div. 385; 181 N. Y. 512; *Hammond* v. *Pennock,* 61 N. Y. 145; *Garrett* v. *Halsey,* 38 Misc. Rep. 438.) There has been no ratification of the exchange of securities by the plaintiff. (*Herman* v. *P. H. F. Boiler Co.,* 136 App. Div. 286; *McNaught* v. *Equitable L. Assur. Society,* 136 App. Div. 774.)

*Robert H. Jackson* for Wallace Snow, respondent. Although the complaint alleges actual fraud, finding of innocent misrepresentation will sustain the judgment of rescission. (*Graves* v. *Waite,* 59 N. Y. 156; *Novotny* v. *Kosloff,* 214 N. Y. 12; *Churchill* v. *St. George Co.,* 174 App. Div. 1; *Lightfoot* v. *Davis,* 198 N. Y. 273; *Moore* v. *Crawford,* 130 U. S. 122; *Hammond* v. *Pennock,* 61 N. Y. 145.)

CRANE, J. These two actions have been tried together as the facts are the same in both. The relief sought is the recovery by the plaintiffs of bonds of the Union Traction Company of Kansas and the Illinois Central Traction Company given to the defendants in exchange for bonds of the North Sterling Irrigation District in the county of Logan, and bonds of the Greeley Poudre Irrigation District in the county of Weld, in the state of Colorado. It is alleged that the exchange was effected by false representations made in the prospectus and by the defendants' agent regarding these irrigation bonds. The complaints allege that the representations were knowingly false and fraudulently made with intent to

deceive, but the trial court has found that there was no actual fraud or intent to deceive, basing the judgments for rescission in behalf of the plaintiffs upon misrepresentations innocently made.

The Union Traction bonds were given by the plaintiff Bloomquist, and the Illinois Central Traction bonds by the plaintiff Snow. Farson, Son & Company, the defendants who sold the bonds to the plaintiffs, were copartners doing business in New York and Chicago. The plaintiffs were copartners in business, conducting a furniture factory at Falconer Junction, near the city of Jamestown, Chautauqua county, New York. The negotiations and transactions were carried on between the plaintiffs and the defendants through F. E. Gifford Warner, a bond salesman in the defendants' employ. The representations forming the bases of these actions were contained in a prospectus used by the defendants and the oral statements of Warner.

The trial court has found that the North Sterling District circular contained the printed statement that the district embraced over 80,000 acres in Logan county, Colorado, and that the bonded debt per acre was about $25; that the circular descriptive of the Greeley Poudre District stated that this district embraced 125,000 acres adjacent to the old irrigated Greeley district; that these statements were false and untrue, and that the plaintiffs relied upon them in making the exchange or purchase of the bonds. The true facts were that the land within each district was made up of three classes, deeded lands, homestead lands, and desert entry lands; that said homestead lands were lands owned by the United States of America, and that the desert entry lands were lands of the United States against which desert entry claims had been filed but as to which title had not been completed in the claimants; that the North Sterling Irrigation District, including all these lands, contained about

54,000 acres, of which about 44,900 acres were deeded lands and about 10,000 acres government lands; that the Greeley Poudre Irrigation District contained only about 77,000 acres of deeded lands. The bonds were not a lien or charge of any kind against the homestead or desert entry lands. The trial court further determined that Warner represented to the plaintiffs that the irrigation works upon the Greeley Poudre Irrigation District were then completed and that water was then in the reservoir upon the North Sterling Irrigation District ready to be turned upon the land in the spring of 1911. Other representations were made by him regarding the priority of the liens and the bonded debt per acre which need not be mentioned.

These representations were untrue as only about sixty per cent of the work upon the Greeley Poudre Irrigation District was completed as late as February 25, 1914, and there was no water in the reservoir upon the North Sterling Irrigation District. The statements regarding the bonded indebtedness and the priority of the liens were also inaccurate. By the unanimous affirmance these findings are binding upon us.

They are sufficient to justify the conclusion that the plaintiffs had been led into an exchange of their traction bonds for irrigation bonds through false and misleading representations which were material, and that they were entitled to have the deal rescinded and their bonds returned.

The principal point urged upon us by the appellants for the reversal of these judgments is that the plaintiffs failed to make out the causes of action pleaded; that as they had alleged fraud they were bound to prove it and could not recover in equity by showing merely false representations. In this we think the appellants are wrong.

The complaints, after alleging the transactions, asked

that the defendants be ordered to restore to the plaintiffs respectively the bonds of the Union Traction Company and the Illinois Central Traction Company given in exchange for the irrigation bonds with the interest coupons thereto attached in the same condition as when delivered to the defendants, or that the plaintiffs recover of the defendants the value thereof.

An action may be maintained in equity to rescind a transaction which has been consummated through misrepresentation of material facts not amounting to fraud. Unlike an action at law for damages, intentional misstatements need not be proved. (*Hammond* v. *Pennock*, 61 N. Y. 145, 152; *Carr* v. *Nat. Bank & Loan Co. of Watertown*, 167 N. Y. 375; *Squiers* v. *Thompson*, 73 App. Div. 552; affd., 172 N. Y. 652; *Lyon* v. *James*, 97 App. Div. 385; affd., 181 N. Y. 512; *Schank* v. *Schuchman*, 212 N. Y. 352; *Canadian Agency, Ltd.,* v. *Assets R. Co.*, 165 App. Div. 96; Cook on Corp. sec. 536.)

The fact that the plaintiffs have alleged fraud and deceit is not fatal to the action provided the proof establishes misrepresentations and that these are material, influencing the bargain. (*Hammond* v. *Pennock*, 61 N. Y. 145, and the report of the case in the General Term at 5 Lans. 358; *Lamphere* v. *Lang*, 213 N. Y. 585; *Graves* v. *Waite*, 59 N. Y. 156; *Churchill* v. *St. George Dev. Co.*, 174 App. Div. 1; *Novotny* v. *Kosloff*, 214 N. Y. 12.)

Equity will administer such relief as the exigencies of the case demand at the close of the trial. (*Lightfoot* v. *Davis*, 198 N. Y. 261, 273.)

The complaints having alleged causes of action in equity and the proof offered having established facts which justified equitable relief, an adequate remedy at law could not be urged as a defense unless pleaded. Such objection cannot be raised for the first time on motions to dismiss. (*Hawes* v. *Dobbs*, 137 N. Y. 465, 470; *Watts* v. *Adler*, 130 N. Y. 646; *Baron* v. *Korn*, 127 N. Y. 224.)

The cases in this state cited by the appellants to sustain the proposition that the action fails unless the fraud and deceit alleged are proved were actions at law for deceit and not in equity for rescission.

The defendants further insist that any representations made by Warner beyond those contained in the printed circular were unauthorized and not binding upon them. Having accepted the result of his efforts, they are deemed to have adopted the methods employed to achieve the results. (*Taylor* v. *Commercial Bank*, 174 N. Y. 181.)

The claim that there has been a ratification of these sales or exchanges by the acceptance of one of several installments of interest does not appear to have been urged upon the trial. The exchange of the coupons for cash, which by the judgments has been credited to the defendants, did not under the circumstances constitute a waiver or ratification after knowledge of all the facts. The act was not so inconsistent with the plaintiffs' claim for rescission as to amount to an affirmance of the sales. The coupons were simply turned into cash for the defendants' benefit. If the defendants relied upon waiver or ratification in the cashing of one interest coupon in June of 1912, they should have pleaded it. (*Grant* v. *Pratt & Lambert*, 87 App. Div. 490.)

The judgments appealed from should be affirmed with this modification, consented to in open court. The judgment of affirmance in the *Snow* case, as modified by the Appellate Division, required the plaintiff upon receiving his bonds or the money " to deliver to said defendants, or to their attorneys, the said ten bonds of the North Sterling Irrigation District and the said ten bonds of the Greeley Poudre Irrigation District so sold and delivered by the defendants to the plaintiff." This evidently is a clerical error as the plaintiff only acquired eight bonds of each district.

The judgment of the Appellate Division by consent of counsel is thus modified.

The judgments appealed from, as modified, should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and McLAUGHLIN, JJ., concur.

Judgments affirmed.