EDGAR R. WHEELOCK and Another, Respondents, *v.* WILLIAM
BENNETT and Another, Appellants.

Third Department, November 15, 1923.

**Sales — action to rescind contract on ground of misrepresentations as
to condition of roof of building and of platform scales, value of stock
of goods, ownership of barn and right to renew lease of ground on which
barn stood — plaintiffs had or could have had knowledge of all facts —
contract not rescinded.**

A contract for the sale of a dwelling house, a set of platform scales, an icehouse
and coalshed which stood on the property of another and of a stock of general
store goods with fixtures and also a barn standing on the land of a third person,
will not be rescinded on the ground of misrepresentations, where it appears
that the misrepresentations relied on were that the roof of the house was in
good condition with only one bad spot in it; that the stock of goods was repre-
sented to be worth from $1,000 to $1,200, whereas an inventory showed the
value to be $329.82; that the platform scales were represented to be in first-class
condition whereas they would not weigh correctly, and that the barn belonged
to the defendants but the plaintiffs could renew the lease of the land on which
the barn stood, since it appears that the plaintiffs had knowledge of the bad
condition of the roof and could have ascertained the extent thereof prior to the
sale; that the condition of the scales was easily remedied by a simple adjust-
ment; that the value of the stock of goods, which was merely an expression of
opinion, was known to the plaintiffs before the second payment was made, and
that the representations that the defendants owned the barn and that the land
could be leased for an indefinite term were so unreasonable that the plaintiffs
were bound to make further investigation.

HASBROUCK, J., dissents.

APPEAL by the defendants, William Bennett and another, from
a judgment of the Supreme Court in favor of the plaintiffs, entered
in the office of the clerk of the county of Tioga on the 6th day of
July, 1922, upon the decision of the court rendered after a trial
before the court without a jury.

*A. Ray Humphrey [Arthur J. Ruland* of counsel], for the appellants.

*Frederick E. Hawkes,* for the respondents.

McCANN, J.:

On or about the 11th day of August, 1921, the plaintiffs entered
into negotiations for the purchase from the defendants of a two-
story dwelling house, which included a store and office, a set of
platform scales, an icehouse and coalshed, and also a stock of
general store goods with fixtures, all of such property being located
at Litchfield, Tioga county, N. Y., on land owned by the Delaware,
Lackawanna and Western Railroad Company. The negotiations
also included a barn located on the opposite side of the highway

from the house and on lands of one Struble. The purchase price of the property was $3,800, of which $2,000 was to be paid in cash and $1,800 to be secured by a chattel mortgage. One thousand dollars of the purchase price was paid on Saturday, August 13, 1921, and $1,000 on the Saturday following, on which latter date a chattel mortgage and bill of sale were executed and delivered. About one month later the defendants discovered that the chattel mortgage was made out for $3,800 (the full purchase price of the property) instead of $1,800, and the parties then met at the office of an attorney and a new chattel mortgage was drawn and executed to correct the mistake.

On November 14, 1921, the plaintiffs commenced an action in equity to rescind and set aside the sale and transfer, to cancel the bill of sale and to cancel and discharge the chattel mortgage of record, and for judgment to recover back the $2,000 already paid upon the purchase price of the property, with interest from the date of the sale, excepting the sum of $329.82, the value of the stock of goods in the store, as claimed by plaintiffs, a part of which goods had already been sold.

The basis of the action is alleged misrepresentations made by defendants to plaintiffs, upon which plaintiffs claim they relied in making the purchase. The case was tried before the court without a jury and findings and judgment made in favor of plaintiffs, which judgment directed setting aside the bill of sale, canceling the chattel mortgage and assessing the damages to be paid to the plaintiffs in the sum of $1,759.81 and costs.

The plaintiffs claim that the defendants misrepresented as follows: (1) That the roof on the house was in good condition and that " there was only one bad spot in it," whereas it is claimed by plaintiffs that the roof was in bad condition and leaked in several places; (2) that the defendant represented the stock of goods in the store to be worth from $1,000 to $1,200, whereas an inventory taken on the day following the sale showed such property to be worth $329.82; and furthermore that plaintiffs were deceived by the fact that the stock was arranged upon the shelves so that but one row of packages showed on the front of each shelf, and that they assumed that the shelves were filled, whereas an examination proved that such was not the case; (3) that the platform scales were represented to be in first class condition, whereas they were afterwards found not to weigh correctly; (4) that the barn in question was on land owned by one Struble, but that the barn belonged to defendants and that the lease expired on the first of the following April, but that it could be renewed, whereas it was found that the barn belonged to Struble and was not the property

of the defendants as represented, and that the plaintiffs could not lease it after the first of April, as represented by the defendants to them.

The defendants claim: (1) That the action is not one which entitles the plaintiffs to equitable relief; (2) that the misrepresentations claimed were not made; that the conditions with reference to the property were open and obvious and the plaintiffs had full opportunity to observe the conditions with reference to which they claim such misrepresentations were made; (3) that the representations, if any, of the defendants as to the value of the stock of goods were not such as to warrant the relief claimed; (4) that the plaintiffs ratified the transaction in question; (5) that the barn in question was personal property; (6) that from all the evidence in the case the plaintiffs are not entitled to a judgment, or any equitable or other relief.

The plaintiffs do not set out in their complaint an action for breach of warranty and no claim is made for a recovery upon that ground; neither do they allege or prove a cause of action based on fraud. Although so claimed upon the plaintiffs' brief, there is not enough evidence in this case to sustain all of the elements which are necessary in such action. This is especially true of the element of intent to deceive. However, the plaintiffs claim that " an action for rescission may be maintained for misrepresentations not amounting to fraud." (*Bloomquist* v. *Farson*, 222 N. Y. 375.)

The plaintiffs quote the following from that case: *First*. " An action may be maintained in equity to rescind a transaction which has been consummated through misrepresentation of material facts not amounting to fraud. Unlike an action at law for damages, intentional misstatements need not be proved." *Second*. " The fact that the plaintiffs have alleged fraud and deceit is not fatal to the action, provided the proof established misrepresentations and that these are material, influencing the bargain, since equity will administer such relief as the exigencies of the case demand, at the close of the trial." *Third*. " Where a complaint alleges causes of action in equity and the proof establishes facts which justify equitable relief, an adequate remedy at law cannot be urged as a defense unless pleaded. Such objection cannot be raised for the first time on motions to dismiss."

While this action might be maintained under the rule laid down in *Bloomquist* v. *Farson* (*supra*), the facts as proved do not show the plaintiffs' right to recover under such rule. The first misrepresentation claimed is as to the condition of the roof. Plaintiffs first called attention to the condition of the roof, and had full knowledge that the roof was not in perfect condition. The question as to

whether or not it should be reroofed, or as to what extent it leaked, or as to its exact condition was one which was open to observation, and while it is claimed that the roof leaked badly, after the purchase of the property, it is not shown that such condition of leaking had appeared at any time prior to the negotiations in question. As to the condition of the scales, it does not appear that they were out of order or would not weigh correctly. They simply needed an adjustment or leveling up. It does appear, however, that the plaintiffs used the scales and collected money for their use, and had full knowledge of their condition when the deal was finally closed, and that the only defective condition that might be claimed was one which could easily be remedied by a simple adjustment of the foundation. The misrepresentation as to the value of the stock of goods was one which was an expression of opinion of value. It is claimed that the defendants had special knowledge of the value of these goods which was greater than that possessed by the plaintiffs, but such knowledge could easily have been acquired by the plaintiffs by inquiry of those who were familiar with the value of such goods. The plaintiffs could not have been damaged by reason of reliance upon any misrepresentations as to the quantity of the goods. They claimed that they were arranged so that there was but one row in front on each shelf, and that it was taken for granted by them that the shelves were full, behind the front row, but it appears that on the day following the sale all of the goods were taken from the shelves and were inventoried and rearranged, so that at the time the second payment was made upon the purchase price one week later and the bill of sale and chattel mortgage were executed, the plaintiffs had full knowledge of the quantity of goods as well as of the value thereof. The plaintiffs claim that the barn or garage in question was represented to be the property of the defendants but that it stood upon leased ground and that the lease would expire on the first of the following April and could be continued as long as the plaintiffs desired. This representation on its face could not have been relied upon because it is unreasonable to believe that the owner of the property upon which this barn stood would rent it for an indefinite term of years, and the representation, if made, was of such an indefinite nature and so unreasonable that the plaintiffs should have taken steps to ascertain the facts with reference to the ownership of the barn and also with reference to the opportunity for leasing it. Assume that the plaintiffs' position is correct as to the misrepresentations made at the time of the first payment of $1,000, it is nevertheless true that as to the value of the goods and the quantity thereof and as to the condition of the scales, there had been full opportunity to ascertain

the truth, and as to the roof the same was true, with the additional fact that they had fully observed its condition before the original representations were made. As to the ownership or right to the use of the barn, the plaintiffs were bound, in view of the indefiniteness and unreasonableness of the statements made, to make further investigation; hence it must be held that the judgment is against the weight of evidence and is against the law, and that the plaintiffs are not entitled to the equitable relief which they seek.

This court must hold that under the evidence no representations were made except those which were with reference to conditions which were open and obvious at the time or about which the plaintiffs had secured full information or had ample opportunity to secure the same before closing the transaction.

This court disapproves of findings of fact Nos. 3, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16 and findings of law Nos. 1, 2, 3, 4 and 5.

The judgment should be reversed, with costs.

COCHRANE, P. J., VAN KIRK and HINMAN, JJ., concur; HASBROUCK, J., dissents.

Judgment reversed on the law and facts and new trial granted, with costs to the appellants to abide the event. The court disapproves of findings of fact numbered 3, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, and conclusions of law numbered 1, 2, 3, 4 and 5.