LENT-AGNEW REALTY CO., INC., Respondent, *v.* HENRY L. F. TREBERT and Another, Appellants.

Fourth Department, March 11, 1925.

**Brokers — real estate brokers — action to recover commissions for effecting exchange of real property — enforcible contract of exchange is essential to recovery — defendants rescinded contract of exchange on ground of misrepresentation — doctrine of caveat emptor not applicable to agency — misrepresentation, though innocently made, justified defendants in rescission — allegation in answer that misrepresentations were known to plaintiff to be false is surplusage.**

A real estate broker cannot recover commissions based on a contract for the exchange of property by his clients for property owned by another unless the contract for the exchange of the property is an enforcible one against the broker's client.

Accordingly, a real estate broker cannot recover commissions based on such an exchange, though the contract of exchange was duly executed by the principals, where it appears that the broker's clients were induced to enter into the contract through material misrepresentations, innocently made, and upon the discovery of the misrepresentations rescinded the contract.

Under the circumstances the broker's clients had the right to rescind the contract, for it was not essential to the right to rescind that the misrepresentations should have been made with knowledge of their falsity.

The doctrine of *caveat emptor* is not applicable in dealings between a principal and his agent, or between a real estate broker and his client, and it was erroneous for the court to instruct the jury that that doctrine was applicable.

The allegation in the answer to the effect that the claimed misrepresentations were known by the plaintiff to be false, was mere surplusage, and it was error for the court to refuse to charge that material and substantial misrepresentations by the real estate broker, even though innocently made, if they were relied upon by the clients, warranted a rescission of the contract by them.

APPEAL by the defendants, Henry L. F. Trebert and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 16th day of June, 1924, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendants' motion for a new trial made upon the minutes.

*Bowman & Van Schaick* [*George S. Van Schaick* of counsel], for the appellants.

*Arthur Warren* [*Arthur V. D. Chamberlain* of counsel], for the respondent.

TAYLOR, J.:

This is an action to recover broker's commissions for bringing about an exchange of real properties. Plaintiff obtained a verdict

against defendants for the sum of $3,635.41, and defendants have appealed.

The complaint alleges that respondent was a duly licensed domestic corporation; that appellants engaged the respondent to procure an exchange of real property owned by them for real estate and personal property owned by one James G. Comerford; that respondent conducted negotiations which resulted in a written contract being entered into by said parties covering such exchange; that appellants agreed in the contract that if they failed to carry out their part of the agreement, they would pay all broker's commissions due under the same; that appellants failed to perform and notified said Comerford in writing that they elected to rescind the contract. There were other allegations which are immaterial here.

The appellants in their answer admit that they agreed to pay all commissions in case they failed to carry out the contract, and that they rescinded the contract with Comerford; they deny, however, that said contract as set forth in the complaint contains all of the terms thereof. The answer contains further denials which are now unimportant. For a separate defense the appellants allege that their execution of the said contract was brought about by misrepresentations of certain specified, material facts — misrepresentations knowingly made by the respondent while acting as appellants' agent, to wit, that the property was rented to one firm of tenants only, which was false; that the property rented for $2,700 per year; that the lease of the premises expired in one month; that the property could easily be rented for $3,500 to $4,000 per year and could be sold for $40,000; and that the tenant was willing to pay an increased rent, all of which was false.

After respondent had proved its incorporation, its license to carry on business, its hiring by appellants, and that it had procured the execution of the exchange offer and acceptance, it rested. Thereupon the appellants presented testimony tending to sustain their contention that there had been material misrepresentations made by respondent; for example, that there was more than one tenant, that the total rental was only $2,180, that some of the leases ran for one year and that increasing the rental would be practically impossible. No proof of scienter in respondent was made by appellants, the latter claiming that the defense of fraud or misrepresentation was established without such proof. The learned trial court charged that such proof was necessary under the pleadings, and appellants duly excepted.

The respondent contended that the principle of *caveat emptor* applied. As to this the court charged as follows: " The old maxim,

' Let the purchaser beware,' is applicable in a deal of this kind, as well as in others.'' This charge was duly excepted to. The *caveat emptor* rule has no application in dealings between a principal and his agent, such as were the parties to this action; for theirs was a relation based upon the utmost confidence and good faith. (*Beatty* v. *Guggenheim Exploration Co.*, 223 N. Y. 294, 304.) While the significance of the statement just quoted from the charge of the court was somewhat tempered by its context, still it can hardly be said that it was not damaging to appellants.

The instruction to the jury as to scienter raises a more serious question. The burden was on the respondent to establish not only that it had procured for the appellants a contract of exchange, but a valid and enforcible one. The establishment of such an enforcible contract was a condition precedent to recovery. In view of appellants' admitted rescission, the test as to the enforcibility of the contract was whether or not such rescission was lawful. Appellants insisted on the trial that even innocent misrepresentations by respondent as to material matters furnished sufficient excuse for lawful rescission. Respondent argued that such misrepresentations must have been accompanied by guilty knowledge, particularly since appellants in their answer alleged that the claimed fraudulent representations when made were '' known to the plaintiff to be false.'' Respondent cites *Reno* v. *Bull* (226 N. Y. 546) as an authority for its contention. That was an action for damages for fraud and deceit and scienter is unquestionably an essential element in such an action. However, in the present case the defense is lawful rescission, and the case of *Bloomquist* v. *Farson* (222 N. Y. 375) is squarely in point, both as to the non-essentiality of scienter and as to the question of pleading. At page 380 of the opinion therein the court says:

'' An action may be maintained in equity to rescind a transaction which has been consummated through misrepresentation of material facts not amounting to fraud. Unlike an action at law for damages, intentional misstatements need not be proved.'' (Citing numerous authorities.)

'' The fact that the plaintiffs have alleged fraud and deceit is not fatal to the action, provided the proof establishes misrepresentations and that these are material, influencing the bargain.''' (Citing authorities.)

It follows that the allegation in the answer to the effect that the claimed misrepresentations were known by plaintiff to be false was mere surplusage, and that the court erred in refusing to charge that material and substantial misrepresentations of fact by respondent, even though innocently made, if they were relied upon

by the appellants, warranted a rescission of the contract by the appellants. This error is sufficiently serious to demand a new trial.

In view of the conclusions above reached, it is unnecessary to discuss the other questions raised.

The judgment and order should be reversed on the law and a new trial granted, with costs to the appellants to abide the event.

HUBBS, P. J., CLARK, SEARS and CROUCH, JJ., concur

Judgment and order reversed on the law and new trial granted, with costs to appellants to abide event.