THEODORE HAEBLER, Appellant, *v.* GILBERT H. CRAW-
FORD, as Receiver of ROLAND STEEL COMPANY, INC.,
Respondent.

(Argued November 30, 1931, decided January 5, 1932.)

*Daniel J. Dugan* and *Eugene Cohn* for appellant. The corporation had earned no profits and dividends declared were paid from capital; an appearance of a surplus had been created to hide the truth and these facts were fully established from the books of the corporation. (Stock Corp. Law, § 10; *Huntington* v. *Atwill,* 118 N. Y. 365; *Sigua Iron Co.* v. *Brown,* 171 N. Y. 488; *United Growers Co.* v. *Eisner,* 22 App. Div. 1; *Matter of Randall,* 90 App. Div. 192; *Hartley* v. *Pioneer Iron Works,* 181 N. Y. 73; *Furlong* v. *Johnson,* 209 App. Div. 198; *Kingston* v. *Home Ins. Co.,* 11 Del. Ch. 258; *Wall* v. *London & P. Trust Co.,* [1920] 1 Ch. 45; *Graz* v. *Red,* 4 B. Mon. [Ky.] 178; *Roberts* v. *Wicks Co.,* 184 N. Y. 257; *Jennery* v. *Olmstead,* 36 Hun, 536; 105 N. Y. 654; *Hill* v. *International Products Co.,* 129 Misc. Rep. 25; *People* v. *Tax Commrs.,* 128 App. Div. 13; 196 N. Y. 39; *Cox* v. *Leahy,* 209 App. Div. 313.) Not only the representations actually made to plaintiff, but the representations implied from the payment of dividends as well, were false. (*Ottinger* v. *Bennett,* 203 N. Y. 554; *Keeler* v. *Seaman,* 47 Misc. Rep. 292; *Hill* v. *International Products Co.,* 129 Misc. Rep. 25.) It was not necessary to prove *scienter.* (*Bloomquist* v. *Farson,* 222 N. Y. 375; *Hill* v. *International Products Co.,* 129 Misc. Rep. 25; 226 App. Div. 730; *Hammond* v. *Pennock,* 61 N. Y. 145; *Carr* v. *N. B. & L. Co.,* 167 N. Y. 375; *Canadian Agency* v. *Assets Realization Co.,* 165 App. Div. 96; *Talmadge* v. *Sanitary Securities Co.,* 31 App. Div. 498; *Seneca W. & M. Co.* v. *Leach,* 247 N. Y. 1; *Ultramares Corp.* v. *Touche, Niven & Co.,* 255 N. Y. 170; *Wesp* v. *Muckle,* 136 App. Div. 241; 201 N. Y. 527.) It was not error to exclude the public accountants' report. (*Wesp* v. *Muckle,* 136 App. Div. 241; 201 N. Y. 527.)

*Harold E. Lippincott, Albert G. Avery* and *Richard Steel* for respondent. The corporation had sufficient earned surplus to pay dividends on its preferred shares. (*Hill* v. *International Products Co.*, 129 Misc. Rep. 25; *Furlong* v. *Johnson*, 209 App. Div. 198; *Skillin* v. *Magnus*, 162 Fed. Rep. 687; *Otter* v. *Brevoort Petroleum Co.*, 50 Barb. 247; *Citizens State Bank* v. *Snelling*, 55 Mont. 476.) No representations were made to plaintiff which were false in fact or known to have been false when made. (*Kuelling* v. *Lean Mfg. Co.*, 183 N. Y. 78; *Garrett Co.* v. *Appleton*, 101 App. Div. 507; 184 N. Y. 557; Stock Corp. Law, § 58.) Appellant's failure to prove the corporation had knowledge of any false representations made to him or that it intended to deceive him, was ground for the reversal of his judgment. (*Garrett Co.* v. *Appleton*, 101 App. Div. 507; 184 N. Y. 557; *Kuelling* v. *Lean Mfg. Co.*, 183 N. Y. 78; *Jackson* v. *Turquand*, L. R. 4 H. L. 305; *Robinson* v. *Syracuse Rapid Transit Co.*, 100 App. Div. 214; *Ritzwoller* v. *Lurie*, 176 App. Div. 100; *Weaver* v. *Pacific Improvement Co.*, 234 N. Y. 418.) The Appellate Division properly ruled that exclusion of the public accountants' audit was reversible error. (*Heimburg* v. *Manhattan Ry. Co.*, 162 N. Y. 352.)

O'BRIEN, J. The Roland Steel Company increased its capital and delegated to its treasurer the management of marketing the new shares. Plaintiff subscribed for one hundred of the preferred and paid $2,000 on account. His complaint is based upon the allegation that his subscription contract, executed in November, 1925, resulted from untrue representations by the treasurer to the effect that the corporation was conducting a profitable business and that one plant alone earned sufficient to pay all expenses of the corporation and dividends. In August, 1926, plaintiff wrote to the corporation stating that he had acquired information that dividends had not been earned, as represented, but that

they had been paid out of capital and requesting the return of the amount which he had paid on his subscription contract. This action for rescission and for the recovery of his payment was begun in November, 1926, against the corporation. In January, 1927, in another action by a different plaintiff, a temporary receiver was appointed and in December, 1929, the permanent receiver was substituted as defendant in this action. At Special Term the fact was found that the representations made to plaintiff by the treasurer were untrue and that dividends had been paid out of capital instead of earnings. Judgment was given for plaintiff, but the finding was reversed at the Appellate Division, a new one made, the complaint was dismissed and judgment on the counterclaim for the amount remaining unpaid on plaintiff's subscription contract was awarded defendant. On this state of the record the question of fact relating to the truth of the representations that in November, 1925, the corporation was conducting a profitable business and that dividends were paid out of earnings rather than capital must be examined and decided. (*York Mortgage Corp.* v. *Clotar Const. Corp.*, 254 N. Y. 128.)

The corporation's books on January 1, 1925, showed a deficit of $11,484.29. On July 1, 1925, a dividend of $1,591.55 was paid. On November 30, 1925, a dividend of $1,900 was paid. Prior to June 30 of that year the corporation credited itself with three items. One is for $22,167.95 entitled "Engineering and developing expenses charged off in 1924, deferred to future operations." This sum represents eighty per cent of expenses which were incurred during the year 1924 and which the board of directors by resolution October 2, 1924, resolved to have capitalized as "deferred engineering and sales development." A second item is for $2,557.02 and is entitled "Sundry Adjustments." By these two credits, the deficit of $11,484.29 as of January 1, 1925, was transformed on the books into an apparent surplus of $13,240.68. A

third item was credited as an asset during the year 1925. $10,000 was paid by the corporation in the purchase of four hundred shares of its own common stock from W. E. Wathen. There is no proof that Wathen or any one else had paid $40,000 into the treasury for this stock. Inasmuch as common shares during 1925 were offered as a bonus with the purchase of preferred stock and there is an attempt by defendant to show that their book value was estimated as $6.27 a share, on the surface of things the corporation suffered a loss by its purchase of this stock for $10,000. Even though perhaps a book deficit might in such manner be transformed into an apparent surplus, no inference is permissible that the corporation actually profited by the purchase or had any actual surplus. In the absence of some explanation by defendant that real increase of corporate property resulted from these various expenditures or some evidence even that such a system of bookkeeping accords with sound accounting practice, courts are not warranted in concluding that the mere incurring of these items of expense tended to swell the corporate assets. No witness attempted to justify acts which on their face appear to invert the normal trend of thought whereby outgo is believed to be the contrary of income and spending the opposite of thrift. No doubt, prudent outlay may often enlarge income and not infrequently it creates valuable and enduring assets. However, on this record there is no evidence of wise or even fortunate spending or the acquisition of additional value, either permanent or temporary. Since these unusual entries in the corporation's books remain entirely unexplained, no reasonable inference can be drawn except the one leading to the conclusion that the dividends declared immediately prior to July 1, 1925, and November 30, 1925, were paid out of some fund other than earnings or surplus. On such evidence as the parties have seen fit to place before

us we must hold that these dividends were paid out of capital.

Defendant caused a paper described as a report on the Roland Steel Company by a firm of public accountants dated October 22, 1925, to be marked for identification. Plaintiff's objection to its introduction was sustained. It was offered, as stated by defendant's counsel, on the question of the representations that were made at the time of the sale of the stock. It was evidently intended to show good faith by the directors in declaring dividends in July and October, 1925. No evidence was advanced tending to prove that this report correctly reflected the transactions of the corporation. It constitutes merely a piece of paper which the directors may be assumed to have seen. If they believed that its contents were true and if proof of their knowledge of the falsity of the representations made to plaintiff were a necessary element in plaintiff's case, it might have been admissible when properly identified. If, however, the evidence establishes material misrepresentation upon which plaintiff relied, his failure to prove allegations of fraud and deceit is not fatal. (*Bloomquist* v. *Farson*, 222 N. Y. 375, 380.) The paper was, therefore, properly rejected.

The essential allegations of the complaint have been sustained by the evidence. Plaintiff relied upon the treasurer's representation that the Roland Steel Company's business was profitable and that dividends were earned. The fact that he testified that he attached importance to the representation that the steel company expected to renew valuable contracts with the Thyssen Company and that this particular representation was true, does not detract from the force of the proof that the representation as pleaded was untrue. Conceding that he regarded the proposed Thyssen contract as the most important single element contributing to the motive which induced him to subscribe for stock, the conclusion does not follow that, if he had known that the business,

as then conducted, was unprofitable and that dividends were paid out of capital, still he would have bought. An essential representation was false and the allegation and evidence is that plaintiff relied upon that representation.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division. (See 258 N. Y. 607.)

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgment accordingly.