MAURICE B. RICH, Appellant, v. BENJAMIN SCHULMAN, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Carswell, Scudder and Davis, JJ.

KASIMIR SAJOR, Appellant, v. AMPOL, INC., and Another, Respondents.— Judgment dismissing the complaint on the merits and granting defendant Ampol, Inc., judgment on the counterclaim, in so far as an appeal is taken therefrom, reversed on the law and the facts, with costs, and judgment of rescission awarded to the plaintiff against defendant Ampol, Inc., together with a judgment in the sum of $1,000 and interest thereon from May 18, 1932, with costs. The plaintiff established by oral and documentary evidence material misrepresentations inducing him to purchase the stock in question and sign the subscription agreement therefor; he likewise established that he relied upon the same. He also established, by testimony from defendant Wegrzynek, that the representations were false, which representations thus established to be false included those made on May 6, 1932, before any money was obtained from the plaintiff. The weight of evidence establishes that the subscription agreement was made on May 18, 1932. A holding to the contrary on each of these elements is not only against the weight of the evidence but contrary to the evidence. (Bloomquist v. Farson, 222 N. Y. 375, 380; Seneca Wire & Mfg. Co. v. Leach & Co., 247 id. 1, 7.) The subscription agreement was a contract made as a result of a false representation that the law had been complied with in respect of the marketing of such an issue by the corporate defendant. The marketing or attempted marketing of this stock was in violation of the Martin Act (Gen. Business Law, art. 23-A, § 359-e), within which statute the corporate defendant is a dealer and with which statute said defendant did not comply. A recovery upon the subscription agreement may well be denied on the ground that sustaining a recovery would sanction a violation of a statute which was designed to protect people situated as was this plaintiff from fraud such as was perpetrated upon him by this defendant. Although said defendant may not recover on such an agreement made pursuant to a marketing arrangement that violated the statute, the plaintiff nevertheless may recover the money he paid thereunder because he is not in pari delicto. (Duval v. Wellman, 124 N. Y. 156.) Findings of fact and conclusions of law inconsistent herewith are reversed and new findings will be made. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur. Settle order on notice.

SOUTH SHORE MOTOR TRANSPORTATION Co., INC., Respondent, v. GEORGE EVERETT HAND, Appellant. GIBSON & CUSHMAN, INC., Respondent, v. GEORGE EVERETT HAND, Appellant. WALLACE H. HALSEY, INC., Respondent, v. GEORGE EVERETT HAND, Appellant.— Judgments of the County Court of Suffolk county unanimously affirmed, with one bill of costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

ALBERT E. STORR, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order denying motion for a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.