MARY ALICE DAVIS, as Executrix, etc., of SARAH F. LeBLANC, Deceased, Respondent, v. TITLE GUARANTEE AND TRUST COMPANY, Appellant.—Action for rescission of an assignment of a guaranteed bond and mortgage on the ground of misrepresentation and fraudulent concealment by the defendant. Judgment for the plaintiff reversed on the law and the facts, with costs, and the complaint dismissed, without costs. The evidence does not sustain the finding that there was any representation made with respect to whether or not the property was rented or productive of revenue sufficient to carry it. Assuming, without deciding, that the record contains competent proof that the guarantee company was in a precarious financial condition in July, 1932, as a consequence of proof relating to July, 1933, there was no breach of duty owing to the plaintiff by the defendant by reason of its failure to disclose the degree, if any, of impairment of financial strength of the guarantee company at the time of the assignment of the mortgage. The record does sustain the finding that there was a fraudulent representation of fact respecting the value of the property. The proof shows it was represented to be of the value of $11,000 and defendant rested on plaintiff's proof that the value of the property in July, 1932, was but $6,000. The proof in this regard was admitted without objection, despite there being no foundation therefor in the pleadings. The complaint must be deemed to have been amended to conform to the proof in the absence of a motion to strike out the testimony. This representation would sustain a rescission were it not for the fact that the plaintiff, who either had knowledge of the misrepresentation or in the exercise of reasonable diligence should have had such knowledge, exercised, in November, 1933, dominion by foreclosing the mortgage, and during the succeeding year by accepting moneys from Ajello to clear up defaults, which conduct destroyed her right to avoid the transaction for fraud or misrepresentation based on this value element. The record shows that plaintiff's witness and representative, who bought the mortgage in July, 1932, examined the property in November, 1933, before or at the time of the foreclosure. He then found it to be " a very cheap sort of a building." At that time and during the subsequent period of the pendency of the foreclosure and the attempts at financial adjustment, plaintiff knew that the property was not worth $11,000 as represented, if the proof of value as $6,000 is correct, and, therefore, that plaintiff had been subjected to fraud in this regard. Despite this, plaintiff exercised dominion by

foreclosure and otherwise and thereby barred her right to invoke the original mis-representation as to value.· See for application of doctrine *Higgins* v. *Crouse* (147 N. Y. 411, 415); *Kellogg* v. *Kellogg* (169 App. Div. 395, 407); *Dyckman* v. *Dyckman* (230 id. 288); *Bloomquist* v. *Farson* (222 N. Y. 375) and *Brennan* v. *Nat. Equitable Investment Co.* (247 id. 486), even though the doctrine be inapplicable to the facts prior to November, 1933. Plaintiff at that time was not free to lie by and speculate as to the advantage or disadvantage of a rescission or an affirm-ance of the transaction. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Young, Hagarty, Carswell and Johnston, JJ., concur. Settle order on notice.