JACK PEDONE, Appellant, v. TITLE GUARANTEE AND TRUST COMPANY, Respondent.— In an action at law to recover the purchase price of a first guaranteed mortgage certificate, after rescission and tender, on the ground of false representations, the parties waived a jury and entered into a stipulation as to the facts. In part, the stipulation pertained to what the testimony of witnesses would be if called, and did not state ultimate facts as to particular representations. However, the parties proceeded to a decision on the theory that there was no dispute as to the facts, and that representations were made " either directly or inferentially " that the certificate was a participation in the first lien on the premises. It was conceded that, at the time of the purchase, taxes in a substantial amount were unpaid and that they remained unpaid in part for more than four years after the purchase. We take the record as we find it. Both parties moved for a verdict, and it is agreed that there was no dispute in the material facts. Judgment was rendered for defendant, dismissing the complaint on the ground that the representations did not concern a material and substantial fact. Judgment reversed on the law, with costs, and judgment directed for plaintiff as demanded in the complaint, with costs. Failure to pay taxes is some indication of unsoundness of the investment and reflects upon the responsibility of the mortgagor. In that view, misrepresentation, either express or implied, that the certificate constituted a first lien on the mortgaged property, and as to the payment of taxes, is a material one and provides sufficient ground for rescission — particularly when the taxes are a substantial sum and have remained unpaid for a considerable period of time. (See 1 Black, Rescission and Cancellation [2d ed.], § 70; 26 C. J. pp. 1102–1104, 1211–1213; 12 R. C. L. pp. 297–300; *Rector, etc., Ch. St. Matthew, etc.,* v. *Title*

*G. & T. Co.*, 246 App. Div. 251; affd., 272 N. Y. 568.) It is claimed that the misrepresentation was innocent. However, innocent misrepresentation without knowledge of the facts furnishes an adequate basis for rescission. (*Bloomquist* v. *Farson*, 222 N. Y. 375; *Seneca Wire & Mfg. Co.* v. *Leach & Co.*, 247 id. 1.) Lazansky, P. J., Carswell and Davis, JJ., concur; Hagarty and Adel, JJ., concur for reversal but dissent from the direction of judgment for plaintiff and vote for a new trial. We are of opinion that this record is not sufficiently complete to justify the direction of a judgment for the plaintiff.