Cohn, J.
Fibanco Realty Corporation (hereafter called Fibanco) is a family real estate corporation. All of its issued stock was originally owned by four brothers — Joseph Marian, who is the husband of plaintiff, Harry Mariani and John Mariani, who are the individual defendants, and a fourth brother, Paul Mariani. Paul had a 10% interest and the other brothers each owned 30%. Joseph Marian’s 30% interest was later divided up by him in large part amongst various members of his immediate family. His wife, the plaintiff at the time of the commencement of the action, was the holder of record of 225 shares. The individual defendants, Harry Mariani and John Mariani, are presently the majority stockholders and directors of Fibanco holding 60% of all the outstanding stock. They are also the sole owners and directors of Banfi Products Corporation (hereafter called Banfi), a corporation which is engaged in the manufacture of medicines.
The suit is a derivative stockholder action brought by plaintiff in behalf of Fibanco against Harry and John Mariani and Banfi. There are three causes of action. In essence, they charge respectively, that the individual defendants (1) caused Fibanco to sell to Banfi a parcel of property belonging to Fibanco, located at 503 West Broadway in the city of New York, for an inadequate consideration in fraud of the obligations of the individual defendants to Fibanco; (2) permitted Banfi for a period beginning March 1, 1944, to July 1, 1947, to occupy as tenant, a portion of the building owned by Fibanco at 206 Spring Street in the city of New York for an inadequate rental; (3) directed Fibanco to sell its property at 206 Spring Street for an inadequate consideration to a tenant occupying 503 West Broadway in order that they might obtain physical possession of the West Broadway property for Banfi.
We think the trial court correctly disposed of the issues involved with respect to the second and third causes of action. There was substantial evidence to support the charge that the individual defendants permitted Banfi to occupy a portion of the Spring Street property for an inadequate rental. The court upon ample proof fixed the fair rental at $250 a month for the period in question and in sustaining the second cause of action directed an accounting for such sum by the individual defendants. Plaintiff at the trial in support of the third cause of action failed to establish that the Spring Street property was sold in fraud or for an inadequate consideration. The trial court was, therefore, warranted in dismissing that cause of action.
As to the first cause of action the trial court properly found that the price paid for the West Broadway property was inadequate. *208 However, as no actual fraud ivas proved and because of the unusual circumstances, the court should not have set aside the conveyance of the property to the corporate defendant Banfi but should merely have directed the individual defendants and Banfi to pay its fair market price.
While the dual position of the individual defendants as directors of both the Banfi and Fibanco Corporations does not render the transactions between the two corporations void, it makes “ the unprejudiced exercise of judgment by them more difficult ” and “ should lead the courts to scrutinize these transactions with care.” (Everett v. Phillips, 288 N. Y. 227, 236; Chelrob, Inc., v. Barrett, 293 N. Y. 442; Weinberger v. Quinn, 264 App. Div. 405, affd. 290 N. Y. 635; Blaustein v. Pan Amer. Petroleum & Transport Co., 263 App. Div. 97, affd. 293 N. Y. 281; Turner v. American Metal Co., 268 App. Div. 239, 261.) Applying this rule to the conduct of the individual defendants with respect to the first cause of action which involved the sale to Banfi of the West Broadway property belonging to Fibanco, the evidence established that the individual defendants did not act hastily or surreptitiously. The sale was made openly and in good faith. It was initiated and encouraged by Joseph Marian, husband of plaintiff, who purported to be the beneficial owner of all the outstanding stock of Fibanco other than that owned by the individual defendants and by Paul Mariani. Fibanco, as we have already observed, was a family corporation. It functioned in an informal way and like a partnership in the management of its affairs. All the stockholders of Fibanco were desirous of liquidating their realty holdings, including the West Broadway property. Before this parcel was sold it had been offered by the individual defendants to Joseph Marian.for $26,000, which is less than the price that was ultimately paid by Banfi. Joseph encouraged the sale to Banfi for $27,000 and the fourth brother Paul offered no dissent to such a sale. These facts, established on the trial, suggest the fairness of the individual defendants. Ho actual fraud was perpetrated here and indeed the court made no finding to that effect.
The negotiations for the sale of this property were between the individual defendants and plaintiff’s husband. Apparently no thought was given by any one of the brothers as to what an outsider would have been willing to pay for this West Broadway property. Its assessed valuation was but $25,000. However, there was testimony by experts offered by plaintiff showing that the property was worth substantially more than $27,000 at the time of its transfer. Our examination of all the evidence upon *209 the question of value leads us to conclude that the fair market value at the time of conveyance was $30,000. Accordingly we find that the consideration paid by Banfi for the property purchased from Fibanco was not adequate.
Plaintiff argues that the mere fact of the sale of the West Broadway property by directors common to the seller and to the buyer completely voided the transaction. Defendants urge that where there is no actual fraud established and where such drastic relief is unnecessary, the sale should not be set aside. 4 4 The relation of directors to corporations is of such a fiduciary nature that transactions between boards having common members are regarded as jealously by the law as are personal dealings between a director and his corporation, and where the fairness of such transactions is challenged the burden is upon those who would maintain them to show their entire fairness and where a sale is involved the full adequacy of the consideration.” (Geddes v. Anaconda Copper Mining Co., 254 U. S. 590, 599.) Defendants have failed to establish full adequacy of the consideration. However, as no actual fraud was shown, the sale will not be set aside. It is well established that 64 Equity will administer such relief as the exigencies of the case demand at the close of the trial.” (Bloomquist v. Farson, 222 N. Y. 375, 380.) In the circumstances of this case we are persuaded that the interests of justice would best be served by compelling the individual defendants and Banfi to account to Fibanco for the fair market value of the West Broadway property.
For the foregoing reasons the interlocutory judgment insofar as it relates to the first cause of action in plaintiff’s complaint is modified to the extent of requiring the defendants, except Fibanco Realty Corporation, to account for the difference between the price of $27,000 paid for the property and the fair market value thereof, which is fixed in the sum of $30,000, and as so modified the interlocutory judgment should be affirmed, without costs.
Dore, J. P., Callahan, Van Voorhis and Shientag, JJ., concur.
Interlocutory judgment, so far as it relates to the first cause of action in plaintiff’s complaint, unanimously modified to the extent of requiring the defendants, except Fibanco Realty Corporation, to account for the difference between the price of $27,000 paid for the property and the fair market value thereof, which is fixed in the sum of $30,000 and, as so modified, the interlocutory judgment is affirmed, without costs. Settle order on notice.