■ CLASSIC OFFICE SUPPLIES, INC., Plaintiff, v CLASSIC COMMERCIAL OFFICE PRODUCTS, INC., et al., Defendants and Third-Party Plaintiffs. STANLEY ADLER, Third-Party Plaintiff-Respondent, v CLASSIC OFFICE SUPPLIES, INC., et al., Third-Party Defendants, and NORMA WEISENFELD, Third-Party Defendant-Appellant. [657 NYS2d 7] —Judgment, Supreme Court, New York County (Beverly Cohen, J.), entered October 20, 1995, after a non-jury trial, rescinding the subject contract and directing third-party defendant-appellant to return to third-party plaintiff-respondent the money paid on account of the contract, unanimously affirmed, with costs.

The subject contract was properly rescinded due to a material misrepresentation of fact upon which respondent relied (see, Bloomquist v Farson, 222 NY 375, 380). Further, as the misrepresentation was intentionally made by the corporate seller's sole officer, director and shareholder, the court properly pierced the corporate veil and imposed the corporate obligation upon appellant (see, Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140-142). Because the parties had agreed at trial to disregard corporate forms since all the involved corporations had been dissolved, the court properly awarded judgment to respondent. Concur—Murphy, P. J., Milonas, Mazzarelli and Andrias, JJ.