In the Matter of the Estate of WILLIAM J. ACCLES, Deceased.

Surrogate's Court, Westchester County, October 26, 1934.

*Goldman & Frier* [*Israel Slater* of counsel], for the executrix.

*Hannon & Evans* [*Charles F. Evans* and *Jeremiah P. Lyons* of counsel], for the Philippine National Bank.

*Westall, Stohldreier & Barrett*, for the Fleetwood Bank.

SLATER, S. This is a discovery proceeding instituted by the executrix. The stipulation of facts shows that the decedent, on or

about May 17, 1934, received an order from a merchant in Manila, P. I., for a quantity of rayon crepe to be shipped from New York to Manila, and that on May 17, 1934, the Philippine National Bank, transacting business in the city of New York, issued a letter of credit in favor of the decedent, trading as " W. J. Accles & Co.," in the sum of $10,800, to provide for payment of the purchase price of the said rayon crepe. On July 31, 1934, the decedent made a shipment of *nine cases of cotton goods* instead of the rayon crepe and prepared shipping documents therefor, which shipping documents purported to evidence a shipment by him of nine cases of *rayon crepe*. On August 1, 1934, the decedent presented to the Philippine National Bank the said shipping documents *purporting to evidence a shipment by him of nine cases of rayon crepe*, for the purpose of obtaining payment of $10,781.15 for the nine cases of merchandise stated in the shipping documents to be rayon crepe, when the decedent had in fact shipped nine cases of cheap cotton goods which he had procured at the price of $923.34. The bank honored the letter of credit and paid to the decedent, trading as " W. J. Accles & Co.," the sum of $10,781.15. This amount was deposited by the decedent in the Fleetwood Bank at Mount Vernon, New York, on August 2, 1934.

The decedent died August 18, 1934, at which date the balance on deposit in his account in the Fleetwood Bank was $1,764.81. No part of said sum of $10,781.15 has been repaid to the Philippine National Bank. Subsequent to August 2, 1934, the decedent made four other deposits in the Fleetwood Bank aggregating $1,741.92.

A discovery proceeding is a summary mode of discovering and reaching specific property. The Surrogate's Court has jurisdiction to dispose of every claim to property. (*Matter of Wilson*, 252 N. Y. 155.) The executrix seeks to prove that the deposit belongs to the estate. Creditors of the estate are not necessary or proper parties to this proceeding. Their presence is not required to determine the issue.

The executrix claims to be the owner of the balance of the deposit, and the Philippine National Bank claims to be the owner of the said fund.

From the stipulation of facts it appears that the money was obtained from the Philippine National Bank in a fraudulent and felonious manner, *i. e.*, by the presentation of false shipping documents, prepared and executed by the decedent.

It is a principle in equity that one from whom money has been obtained by misrepresentation, fraud and felony does not lose title thereto as against the wrongdoer. The money having been obtained by the decedent from the bank by fraud and felony, the bank could

recover it from the decedent, if found in his possession, or follow it in the hands of any person who received it without consideration or with notice of the fraud by which it was obtained.

The money when deposited by the decedent in the Fleetwood Bank was still the money of the Philippine Bank. (*People ex rel. Briggs* v. *Hanley*, 226 N. Y. 453, 458.) The Fleetwood Bank was a mere depository. The commingling of such funds with the general funds of the Fleetwood Bank did not give the bank title nor did it deprive the Philippine National Bank of its ownership. (*Stephens* v. *Board of Education*, 79 N. Y. 183, 186.)

On the stipulated facts the law makes the Fleetwood Bank constructive trustee of so much of the money as remained a balance in the decedent's account. (*Lightfoot* v. *Davis*, 198 N. Y. 261, 270, 273.) (See *American Surety Co.* v. *Conner*, 251 N. Y. 1, 4; *National City Bank* v. *Waggoner*, 230 App. Div. 88, 92, 93; affd., 255 N. Y. 527; *Dodds* v. *McColgan*, 134 Misc. 518, 523.)

" Equity will administer such relief as the exigencies of the case demand." (*Bloomquist* v. *Farson*, 222 N. Y. 375, 380.)

This is not one of the usual run of cases where money is borrowed from a bank upon a note, letter of credit, or a bill of lading, and the bank becomes a creditor of the borrower, along with other creditors. The instant case and others of similar character must be decided on the principle that stolen money can be followed unless it arrives in the hands of an innocent holder.

The case of *Matter of Cavin* v. *Gleason* (105 N. Y. 256) and similar cases cited by the attorneys for the executrix are not in point. In such cases the sole attempt was to gain a preference over other creditors, not to establish a claim against the estate. This is the vital distinction between those cases and the instant one. No title to the money passed to the decedent and consequently no title can pass to his executrix for the benefit of his estate.

It is argued that the decedent made two or three deposits in his account in the Fleetwood Bank and many withdrawals and it is impossible to follow the money received from the Philippine National Bank. If the decedent who feloniously obtained this money " mixes it with his own money and afterwards draws out some by checks generally and in the ordinary manner, the drawer of the checks must be taken to have drawn out his own in preference to the trust money. The rule attributing the first drawing out to the first payment in does not apply in such a case." (*Importers & T. N. Bank* v. *Peters*, 123 N. Y. 272, 278.) The trust funds would be regarded as having remained in the mingled bank account to the very last. (*Matter of Holmes*, 37 App. Div. 15; affd., 159 N. Y. 532.)

The true owner of a fund delivered to the possession of another has the right to have it returned, not as a debt due and owing, but because it is lawfully his property withheld from him.

The stipulation of facts proves that the decedent never acquired title to the money. ( *Newhall* v. *Longacre Bank*, 243 N. Y. 252, 254.)

I hold that the money now on deposit in the Fleetwood Bank in decedent's name belongs to the Philippine National Bank.

Submit order in accordance with this decision.