In the Matter of the Estate of WILLIAM GAUL, Deceased.

Surrogate's Court, Westchester County, June 12, 1936.

*Joseph Harmon*, for the petitioner, Nettie Gaul, as executrix.

*Erwin Magenheim*, for the claimants, George S. Orme and Margaret Orme.

*Francis X. Donoghue*, for Frederick I. Geiger, executor, etc., of Katherine Geiger, deceased.

SLATER, S.   On the accounting proceeding herein, three parties having claims against the estate contend that they are entitled to a preference and seek to impress a trust upon the assets.   The estate is insolvent.

The essential facts are undisputed.   For many years prior to his death the decedent conducted a real estate and insurance business at Yonkers, N. Y.   In addition to the usual transactions in such a business, the decedent also invested funds for clients in real estate bonds and mortgages.   The evidence is that on January 3, 1927, the claimant George S. Orme gave to the decedent $1,500 to be invested for the claimant's account in a bond and mortgage.   This sum was invested by the decedent in a first bond and mortgage on certain premises known as 97 Fourth street, Brooklyn, N. Y., owned by Margaret Shields.   On September 25, 1933, Mrs. Shields paid to the decedent $1,144.81, $1,100 on account of principal and $44.81 on account of interest.   This payment was made in cash.   On the same date there was deposited in an account in the Yonkers National Bank and Trust Company, to the credit of William or Nettie Gaul, the sum of $1,144.81.   The decedent died August 4, 1934, on which date the balance on deposit in this account was $2,175.82.   Between the date of said deposit and the decedent's death he continued to use this account for both his business and personal transactions, making deposits and withdrawals almost daily.   It is conceded that on at least fifteen different days during that period the balance fell below $1,144.81, the lowest balance being $503.68 on April 17, 1934.

Although the claimant produced no direct proof that the money given to the decedent by Mrs. Shields was the same money that the decedent deposited in his bank account, the similarity of dates and amounts and all the circumstances surrounding the transaction are sufficient to justify such a conclusion.

The executrix contends that most of the creditors are in a position similar to that of the claimant herein, and that the balance in the estate should be distributed *pro rata* to all.   The answer to this is that all the creditors were duly cited on the accounting

and, for reasons immaterial to this decision, failed to file objections and appear on the return date of the citation. The diligent claimant must be heard and his rights determined.

On the facts as herein presented, the decedent became a trustee for the claimant George S. Orme in the amount of money left with him for investment. The deposit in the decedent's bank account of the funds given to decedent by the mortgagor to apply on account of principal and interest, and the commingling thereof with his own, did not deprive the claimant of his lawful title and ownership of the funds, nor vest title thereto in the decedent. (*Stephens* v. *Board of Education*, 79 N. Y. 183, 186; *People ex rel. Briggs* v. *Hanley*, 226 id. 453.)

Counsel for the executrix cites *Matter of Petrosemolo* (152 Misc. 419) in support of his contention that the claimant Orme has failed in his proof in tracing the funds. The distinguishing feature in the *Petrosemolo* case is, that the decedent had *four* bank accounts and the claimant failed to prove in which account the trust funds were deposited; consequently it was impossible to earmark the funds in *one* of the accounts as the property of the claimant. In the instant case it has been proven to the satisfaction of the court that the decedent did deposit the claimant Orme's funds in his personal account in the Yonkers National Bank and Trust Company, and that on the day of his death the balance in such account included the amount due the claimant Orme.

Counsel for the executrix also argues that, by reason of the decedent having made many deposits and withdrawals subsequent to his receipt and deposit of these funds and the date of his death it is impossible to follow the trust fund and that, by such acts, it has lost its identity. The decedent having unlawfully failed to remit to this claimant and having wrongfully commingled the trust funds with his own, is presumed, in making subsequent withdrawals, to have withdrawn his own funds and in the event such withdrawals reduced the amount below the amount of the trust funds, it is to be presumed that the wrongdoer intended to restore the amount with subsequent deposits. (*Matter of Holmes*, 37 App. Div. 15; affd., 159 N. Y. 532; *United National Bank* v. *Weatherby*, 70 App. Div. 279; *Matter of Accles*, 153 Misc. 421; affd., 245 App. Div. 743.)

It also follows that the act of the executrix in withdrawing from the decedent's account the sum of $1,373.71 for the payment of certain insurance premiums claimed to have been collected by the decedent and not remitted to the agents through whom the policies were written, did not affect the rights of the claimant Orme. In the absence of any positive proof as to the source of the deposits

in the decedent's account at the time of his death, and no other claimants having appeared and answered in this proceeding, it cannot be said that any part of said account represented trust funds of third parties. (*Baker* v. *New York National Exchange Bank*, 100 N. Y. 31, 35; *United National Bank* v. *Weatherby, supra.*)

I hold that the funds of the estate are impressed with a trust in favor of George S. Orme in the amount of $1,144.81, with interest from September 25, 1933.

Under the authority of *Matter of Petrosemolo* (*supra*) the claim of Frederick Geiger, as executor under the last will and testament of Katherine Geiger, will be allowed only as a general claim. The claimant failed to trace his funds into any particular assets of the decedent. The only evidence produced was that, over a period of about twenty-five years, the decedent had invested for Katherine Geiger's account sums aggregating $17,700 and that all of such money had been accounted for except $1,505.51. There is no proof as to what disposition had been made of such funds and there is no proof before the court that any portion thereof found its way into the decedent's bank account which was the chief asset of the estate.

The objections of the claimant Margaret Orme are dismissed for lack of proof and the amount due her will be allowed only as a general claim.

Submit decree in accordance with this decision.