[Civ. No. 16498.   Second Dist., Div. Two.   Mar. 10, 1949.]

J. WARREN CHURCH et al., Appellants, v. IRENE BAILEY, Individually and as Administratrix, etc., et al., Respondents.

Reynolds, Painter & Cherniss and Louis Miller for Appellants.

Clarence M. Heublein for Respondents.

McCOMB, J.—Upon discovery that a deceased employee (Robert A. Bailey) over a period of several years had embezzled approximately $45,000 of their funds, plaintiffs sued

defendant, Irene Bailey, the wife of the employee, individually and as administratrix of his estate to impress a trust upon property purchased with part of the misappropriated money. Also an action was brought by plaintiffs against Mrs. Bailey as administratrix of her husband's estate upon a rejected claim for the full amount of the money taken. The actions were consolidated for trial. Judgment was rendered that plaintiffs recover from the administratrix the total amount of the embezzlements and to the extent of the sum of $2,620.57 included in the judgment they should have a lien upon a parcel of real property located in Orange County, title to which was vested in defendant and her deceased husband in joint tenancy.

From the portion of the judgment charging said land with a lien, plaintiffs appeal, asserting that the property was purchased with the embezzled funds and therefore the trial court should have entered judgment that plaintiffs are the owners of said parcel of real property, subject only to encumbrances existing against it, if any, and to the payment by plaintiffs to defendant of such sums of money as she may have paid upon the purchase price of such property with funds of her own subsequent to her husband's death.

### FACTS

For approximately eight years prior to July 24, 1944, Robert A. Bailey was employed as a confidential clerk by plaintiffs who were doing business as partners under the name of Automatic Fire Protection Company. His duties included the maintenance of plaintiffs' books and records and the handling of their funds. He made deposits in their bank account and prepared checks for the payment of business expenses. Until the death of Mr. Bailey plaintiffs believed he was a faithful employee. They fully entrusted their funds to him and signed hundreds of checks which he presented to them. Immediately after his death, July 24, 1944, they discovered that for a period of over six years he had carried on a systematic course of embezzlement by means of which he had stolen from them the sum of $44,999.58. This was accomplished by Mr. Bailey's preparing a large number of checks in varying amounts some payable to third persons and some payable to himself. These were presented to plaintiffs for signature upon the statement by Mr. Bailey that they were for lawful business expenditures. To them were attached vouchers prepared by Bailey as supporting the claimed expenditures. These

checks and vouchers were fraudulent and were written for fictitious purposes. However, plaintiffs believing they represented genuine expenditures signed and delivered them to Mr. Bailey, who, by forged endorsement and by raising or altering the amounts of the checks, obtained funds totaling $44,999.58, which he converted to his own use. The sum of $40,072.34 was deposited in a personal bank account at the Farmers and Merchants National Bank of Los Angeles, the balance of $4,927.24, he obtained in cash.

On August 22, 1942, Mr. Bailey entered into an agreement to purchase a parcel of real property located in Orange County for the sum of $6,500, payable $100 in cash, $2,000 on or before October 15, 1942, and $100 per month on the 15th of each month until the contract had been paid down to an existing loan secured by a deed of trust in favor of Laguna Federal Savings and Loan Association, the balance of which at the date of the contract was $3,458.79, payable at the rate of $33.76 per month.

From the inception of the contract to the date of his death Mr. Bailey paid on the purchase price of this property the sum of $4,668.57. On the date of his death the balance due on the note and the deed of trust held by the savings and loan association was $2,319.62, upon which defendant had paid out of her own funds to the date of the trial the sum of $273.38. The $4,668.57 which Mr. Bailey paid to the sellers of the property came from his bank account at the Farmers and Merchants Bank of Los Angeles. Of this sum $2,620.57 represented funds belonging to plaintiffs, the remainder amounting to $2,048 came from a $3,137 check obtained by Mr. Bailey from an independent source and deposited in his account on October 15, 1942. At the time of this deposit he had a balance of $46.91 in his account, having at such time deposited and withdrawn embezzled money in amounts in excess of $20,000.

On November 19, 1943, the Orange County property was conveyed to Mr. Bailey and defendant, his wife, in joint tenancy. The reasonable market value of the property at the time of his death, July 24, 1944, was $8,000; in November, 1945, between $12,000 and $13,000; and at the conclusion of the trial in December, 1946, $15,000.

### Contentions of Plaintiffs

First: *An employee who misappropriates funds of his employer is chargeable as a constructive trustee for the amount of the funds so received and a trust will be impressed upon property acquired by the employee with such funds.*

This proposition is tenable. One who wrongfully detains funds of another is an involuntary trustee thereof for the benefit of the owner, and a trust will be impressed upon property acquired with such funds unless the same is held by a bona fide purchaser for value without notice in good faith. (Civ. Code, §§ 2223, 2224, 2243; *Mazzera* v. *Wolf*, 30 Cal.2d 531, 535 [183 P.2d 649]; *Airola* v. *Gorham*, 56 Cal.App.2d 42, 46 [133 P.2d 78]; *Thompson* v. *Bank of California*, 4 Cal.App. 660, 667 [88 P. 987].)

■ Second: *Where a trustee deposits in a single account in a bank trust funds and his individual funds and makes withdrawals from the account, dissipates the money so withdrawn, and subsequently makes additional deposits of his individual funds in the account, the money which the trustee has deposited becomes a trust fund and the beneficiary is entitled to hold the funds so deposited, and it is unnecessary to show an express intent upon the part of the trustee to replace the trust funds.*

This proposition is likewise tenable. The rule in California is thus expressed by our Supreme Court in *Mitchell* v. *Dunn*, 211 Cal. 129 at page 134 [294 P. 386], "Moreover, when a trust fund has been partially dissipated by the trustee, and later the trustee deposits in the depleted account personal funds, there is a strong presumption that it was the trustee's intention in making such deposits to make the trust fund whole. (*Garst* v. *Canfield*, 44 R.I. 220 [116 A. 482].)" The following cases also support this rule: *Hungerford* v. *Curtis*, 43 R.I. 124 [110 A. 650, 654, 12 A.L.R. 1040], *In re Gaul's Will*, 160 Misc. 123 [289 N.Y.S. 644, 647].

The rule is a sound one and is consonant with principles of equity and justice. It needs no citation of authority to support the proposition that when a person has stolen, embezzled or misappropriated another's property the injured party should be restored to the possession of his property or its equivalent so long as it has not passed into the hands of a bona fide purchaser without notice. This result is accomplished by the quoted rule and is supported by the authorities above cited including the Supreme Court of this state.

*Republic Supply Co. of Calif.* v. *Richfield Oil Co.*, 79 F.2d 375, is not of value in view of the holding of our own Supreme Court in *Mitchell* v. *Dunn, supra.*

Applying the principles set forth above to the facts of the instant case, it is evident that plaintiffs established that the

entire sum of $4,668.57 paid by Mr. Bailey upon the purchase price of the Orange County property belonged to them and not merely the sum of $2,620.57, since every payment that he made to the sellers and upon encumbrances of the property was by way of checks drawn on his account at the Farmers and Merchants Bank of Los Angeles, which contained the trust funds. The fact that Mr. Bailey had drawn the account down to the sum of $46.91 at one time, and thereafter deposited the sum of $3,137 of his personal funds upon which he drew the sum of $2,048 in favor of the sellers, does not, in view of the second proposition stated above, change the rule that the funds were trust funds, and that when on October 15, 1942, he deposited $3,137 in his account he was presumed to have intended a restoration *pro tanto* of the trust funds belonging to plaintiffs which he had previously deposited in the account and subsequently dissipated.

In view of such conclusions the portion of the judgment from which the appeal is taken is reversed with directions to the trial court to modify its judgment by decreeing that plaintiffs are the owners of the parcel of real property located in Orange County and described in the complaint, subject to existing encumbrances, if any, and to the payment to defendant Irene Bailey of such sums of money as she may have paid upon the purchase price of said property with her own separate funds subsequent to her husband's death.

Moore, P. J., and Wilson, J., concurred

Appellants' petition for a hearing by the Supreme Court was denied May 5, 1949.