323 P.2d 717

Patricia Jo MORLEY, Janice Lee Morley, by and through Max L. Morley, their guardian ad litem, and Elisa Ruth Leon, by and through Alfred Leon, her guardian ad litem, Plaintiffs and Appellants,

v.

Elberteen RODBERG, and Harold B. Kesler, d/b/a Kesler's Auto Repairing, Defendants and Respondents.

No. 8738.

Supreme Court of Utah.

April 7, 1958.

Rawlings, Wallace, Roberts & Black, Salt Lake City, for appellants.

Don E. Hammill, Merill K. Davis, W. L. Bayles, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment entered on a verdict in favor of defendant, Mrs. Rodberg, of no cause of action. A verdict was rendered against defendant Kesler, but he did not appeal. Affirmed, with costs to defendant-respondent herein.

The plaintiffs were injured in a collision while defendant Kesler was driving Mrs. Rodberg's car under circumstances hereinafter mentioned.

Plaintiffs urge that 1) Kesler was Mrs. Rodberg's agent as a matter of law and that the matter of agency, therefore, should not have been given to the jury; and 2) that Mrs. Rodberg was guilty of negligence as a matter of law in permitting the operation of a car with faulty brakes in violation of a statute.[1]

■ Plaintiffs' brief relates facts which most strongly support their own contentions. However, on appeal we must take the opposite approach and consider those facts that most strongly support the verdict, where there is evidence pointing in different directions. Most of the evidence having to do with the assigned errors by and large is of a debatable type properly submittable to a jury. We believe the facts that the jury could have believed which most favorably support the verdict are fairly abstracted as follows.

Mrs. Rodberg, a seamstress, unfamiliar with mechanical matters, for two years prior to the collision, had entrusted the repair of her car to Kesler, the owner and operator of an auto repair shop. On the afternoon of the collision she took her car to his shop to determine and presumably to have corrected a "miss" in the engine. Kesler listened to the motor, lifted the hood, tightened a wire and the operation of the car seemed improved. However, he said, "I'll run it around the block and see if it runs better now." He got in the car. Mrs. Rodberg stood by, intending to await his return. At this juncture, however, he suggested that she go along and see how the car ran. Kesler drove the car about a mile, during which time he used the brakes, stopped and started the car a number of times, slowed down, speeded up and tested the car in different gears. At no time during this road test did he mention any defect in the brakes.

While traveling west at between 20 and 25 m. p. h., headed into the late afternoon sun, Mrs. Rodberg exlaimed, "Watch out for the children." Kesler admitted that he applied the brakes in response to such warning, but he also admitted to several persons immediately after the impact with the children that he had not seen the children at all, which failure to observe he attributed to the sunlight in his eyes. This latter admission also was made several days later to parents of the children.

1. Title 41-6-144(b), Utah Code Annotated 1953, as amended.

302

The evidence is clear that when Kesler applied the brakes the tires laid down 41½ feet of skidmarks. Although at the scene of the collision Kesler told an officer that he had to pump the brakes twice before they took hold, this fact was not born out by the officer who, testing the brakes shortly after the incident, stated that they took hold on the first applicaion. There was ample evidence given by the father of one of the children, who was a mechanic and brake expert himself, and by another witness called by Kesler, that the brakes described to have been a part of Mrs. Rodberg's car would react effectively under normal driving conditions and that no one would have reason to believe the brakes were defective except, perhaps, under emergency circumstances. A fellow employee of Mrs. Rodberg's, who had ridden to work in the car with her during several months immediately prior to the collision, testified that there was no difficulty with the brakes on two emergency occasions. Mrs. Rodberg's daughter, who had driven the car many times prior thereto, asserted that she had no trouble with the brakes. Immediately after the collision Mr. Kesler drove Mrs. Rodberg home but said nothing about the brakes being defective. Nor did he say anything about any defect in the brakes four days later when he repaired Mrs. Rodberg's car. About two weeks later, while again repairing the car, and without any solicitation on the part of Mrs. Rodberg, he examined the brakes extensively, called Mrs. Rodberg, told her the brakes were defective and was authorized to repair them. Oddly enough, Kesler took pictures of the brakes and drums,—a quite unusual practice, it would seem. These pictures were presented in evidence to show that the brakes were defective two weeks prior thereto, provoking a comment by the trial judge as to remoteness and hence irrelevancy of such evidence.

■ The facts mentioned above reasonably challenge the contention that Mrs. Rodberg was guilty of negligence as a matter of law in operating with faulty brakes. Even had there been no evidence contradicting that fact, a jury question still would have remained as to causation, since Kesler's admission that he did not see the children at all certainly could have been considered along with other attendant facts as establishing that his failure to keep a proper lookout could have been the sole proximate cause of the injuries.

As to the contention that the facts in this case without question required a finding that Kesler was Mrs. Rodberg's agent and that he was not an independent contractor, we cannot agree.

■■ We are mindful of our pronouncement that an owner's presence in his vehicle raises a presumption that he controls it and

2. Fox v. Lavender, 89 Utah 115, 56 P.2d 1049, 109 A.L.R. 105.

its movement,[2]—but it is nonetheless a rebuttable one. In this connection we think the trial court committed no error in refusing to instruct that under the facts of this case Mrs. Rodberg would be chargeable as a matter of law for any act of negligence attributable to Kesler. It appears that Mrs. Rodberg delivered her car to be fixed, turned it over to Kesler, who had done all her repair work for two years, and who apparently considered a road test to be necessary. It further appears that Mrs. Rodberg fully intended to entrust him, as she had done before, with full power and control to do what was deemed necessary for the proper operation of her car. Believable facts indicate she had no intention of going with Kesler on the road test until he suggested that she go along. There is nothing to indicate that she directed or intended to direct him when to slow down, speed up, change gears, get out of the car or do anything else in his effort to find and correct the trouble with her car, or that he was not to do those things which for two years he had been doing for Mrs. Rodberg. There is little in this case indicating to the jury that the relation of repairman and customer was to be any different than that which prevailed for the two years mentioned. Apparently the jury was not impressed, nor are we, with the contention that, because no formal contract had been consummated for any particular repairs and no arrangement had been made for compensation for the work of tightening the wire, road-testing the car and possibly effecting further repairs, as a matter of law was an agency. As one would believe, and as the law implies, when a person seeks a mechanic for the express purpose of having his car repaired, and the repairman undertakes to discover and accomplish such repair, and takes steps in that direction by tightening wires, road-testing or otherwise, in the light of reasonable, ordinary, practical business relations, there is an implied understanding that an obligation arises looking toward payment for work and labor performed. We believe that under the circumstances of this case the jury was justified in determining that Mr. Kesler was an independent contractor and that he had been given control to do a job of seeking and remedying any defects for which payment reasonably would be expected by both customer and mechanic.

Although we have no quarrel with the authorities cited on both sides, some of which seem irreconcilable, we are convinced that under the facts of this particular case there was a jury question as to whether Kesler was an agent of Mrs. Rodberg, or an independent contractor, and that there was substantial competent evidence pointing to the latter status, such that on appeal the jury's verdict cannot be disturbed.

McDONOUGH, C. J., and CROCKETT, WADE, and WORTHEN, JJ., concur.