364 P.2d 1088

**Walter LARSON, Aleida P. Larson and Jon Larson, Plaintiffs and Appellants,**

**v.**

**Robert George EVANS, M. D. and Samuel S. Evans, Defendants and Respondents.**

No. 9365.

Supreme Court of Utah.

Oct. 3, 1961.

Donn E. Cassity, James L. Barker, Jr., Jack L. Crellin, Salt Lake City, for appellants.

Raymond M. Berry, Salt Lake City, for respondents.

McDONOUGH, Justice.

Plaintiffs brought the action below to recover damages for personal injuries and property damage arising out of an automobile accident. From a jury verdict of no cause of action and the denial of a motion for a new trial plaintiffs appeal.

At 8:50 p. m. on the evening of October 23, 1958, the defendant failed to observe a stop sign at the intersection of Evergreen Avenue and 23d East Street in Salt Lake City and collided with the car in which the plaintiffs were riding. The plaintiffs had the right of way and were proceeding north on 23d East when the accident occurred. The defendant was traveling west on Evergreen. Because of a dense hedge five or six feet high, which extended along the south side of Evergreen to within a few feet of the edge of 23d East, the drivers of the two vehicles were unable to see each other until shortly before entering the intersection. Upon seeing each other, both drivers swerved to avoid the collision but without success. The right front of the Larson vehicle collided with the left front of the defendant's automobile. After the impact both cars traveled approximately 50 feet. As a result of the accident, plaintiffs suffered personal injuries and property damage for which they sought the recovery of damages in the action below.

At trial, following the presentation of evidence, the court instructed the jury that

the defendant was negligent as a matter of law because of his admitted failure to stop for the stop sign. The jury was then instructed that any contributory negligence which might be found against Jon Larson would be attributable to the other plaintiffs as well, inasmuch as they were the owners of the Larson vehicle. The court next submitted an interrogatory to the jury for their determination as to whether Jon Larson was negligent in the operation of the Larson vehicle in that he (a) failed to keep a proper lookout, (b) did not have his car under control, or (c) was driving too fast for existing conditions.

The jurors answered the interrogatory in the affirmative and found further that the negligence of Jon Larson was the proximate cause of the accident and plaintiffs' injuries. Because of the jurors' affirmative answers to the questions in the interrogatory, and their finding that Jon's negligence was a proximate cause of the accident, the court directed the jury to return a verdict against the plaintiffs of no cause of action. The plaintiffs thereafter moved for a new trial, contending (1) the court had committed error in submitting the question of contributory negligence, on the part of Jon Larson, to the jury, (2) the verdict was not supported by the evidence, and (3) the court had committed error in giving the instruction which imputed to the other plaintiffs any contributory negligence occasioned by the acts of Jon Larson. Following the denial of their motion for a new trial plaintiffs appealed.

 The major issue thus presented is: Was the evidence so compelling against a finding of contributory negligence on the part of Jon Larson as to require a finding on the question in his favor as a matter of law? In order to upset the verdict and command one in the plaintiffs' favor the evidence must show with such certainty that reasonable minds could not differ thereon that the plaintiff, Jon Larson, merely did what a prudent person would have done under the circumstances.[1] The defendant having prevailed below, the evidence on conflicting matters must be viewed in the light most favorable to him.[2]

In denying the plaintiffs' motion for a new trial, the lower court was of the opinion, relying on the case of Holmes v. Nelson,[3] that there was "too much evidence to find no negligence," on the part of Jon Larson, as a matter of law. In the opinion of the court, a finding of negligence could be supported by the evidence because it would be reasonable for the jury to believe that:

"At the speed which Jon Larson states he was traveling and consider-

1. Pauly v. McCarthy, 109 Utah 398, 166 P. 2d 501.

2. Weenig v. Manning, 1 Utah 2d 101, 262 P.2d 491.

3. 7 Utah 2d 435, 326 P.2d 722.

ing the point where the brake tracks began he could have and should have stopped entirely, short of impact, had he been watching to the right and had he taken cognizance of the approach of the defendant's car at twice his own speed and giving no sign at any point of intending to slow down to stop for the stop sign."

 This reasoning misconceives the duty which a driver having the right of way normally has in keeping a proper lookout for other drivers who, to his knowledge, are under a legal obligation to bring their vehicles to a stop. The reasoning is applicable in a situation where the driver having the right of way has, or should have, become aware that the other vehicle is not going to stop. The proper rule is stated in Johnson v. Maynard:[4]

"A traveler approaching a signal-controlled intersection with the light in her favor has the right of way and can rely on it until something appears to indicate it is not safe to do so."

Inasmuch as Jon Larson was thoroughly familiar with this particular intersection having passed it many times prior to the accident, he was entitled to rely upon having the right of way until and unless he was, or reasonably should have been, put on notice that the defendant was not going to stop. Even if it is assumed that Jon Larson became aware that the defendant was not going to stop when he first observed the defendant approaching the intersection, we think the evidence fails, as a matter of law, to support the finding of contributory negligence on the part of Jon Larson.

The evidence most favorable to the defendant shows that Jon Larson first observed the defendant approaching the intersection some two seconds before the impact, and that the Larson vehicle was at the time traveling at or slightly over, 30 m. p. h. The deputy sheriff who investigated the accident testified that the Larson vehicle laid down 40 feet of skid marks prior to the point of impact. He also testified that studies had shown that when traveling at 30 m. p. h., the average driver requires 33 feet for reaction time between the point where the danger becomes apparent and the point where skid marks begin. If the 33 feet required for reaction time are added to the 40 feet of skid marks, the conclusion is that Jon Larson began to act at a point 73 feet prior to the point of impact. When consideration is given to the fact that the Larson vehicle would, if traveling at 30 m. p. h., cover 88 feet in two seconds, the further conclusion is inescapable that Jon Larson began to act within 15 feet of the point where he first observed the defendant. By mathematical calculation, only one-third

4. 9 Utah 2d 268, 342 P.2d 884, 885.

of a second would be required to cover the 15 feet when traveling at 30 m. p. h.

We think that all reasonable minds would agree that a driver having the right of way should not be legally required to come to the conclusion that another driver was not going to stop for a stop sign and act to avoid a collision, all within one-third of a second after first observing the approach of the other car. One's duty to act under the exigencies of such circumstances cannot reasonably be so finely calibrated. Moreover, the evidence in our opinion shows that Jon Larson did all that could reasonably have been expected of him under the circumstances.

In denying plaintiffs' motion for a new trial the court was also of the opinion that the jury could reasonably find that plaintiffs' speed was a proximate cause of the accident. While there was evidence submitted which would support a finding that the speed of the Larson vehicle was in excess of 30 m. p. h., the record does not disclose what the speed limit was on this particular section of 23d East. The evidence of Jon Larson's speed is irrelevant to the question of his negligence in the absence of a showing that such speed violated some duty which he might have had under these circumstances. As stated in 65 C.J.S. Negligence § 116:

"There are two essential elements in contributory negligence: (1) Negligence for which plaintiff is responsible. (2) Causal connection between such negligence and the injury complained of."

The evidence in this record fails to establish either element. Not only did the defendant fail to show that Jon Larson was negligent in the speed at which he was traveling, but he failed also to show any causal connection between plaintiffs' speed and the accident.

Finally, there is likewise no evidence in the record which would support a finding of contributory negligence on the part of Jon Larson for failure to keep his vehicle under control. In fact, the evidence in our opinion indicates a high degree of awareness and defensive care on his part.

The judgment is reversed and the cause remanded. Costs to appellant.

WADE, C. J., and HENRIOD, CALLISTER, and CROCKETT, JJ., concur.