467 P.2d 984

The CORPORATION OF the PRESIDENT OF the CHURCH OF JESUS CHRIST OF LATTER–DAY SAINTS, a corporation sole, Plaintiff and Respondent,

v.

Vickie C. JOLLEY, Defendant and Appellant.

No. 11718.

Supreme Court of Utah.

April 10, 1970.

Carman E. Kipp, J. Dennis Frederick, of Kipp & Christian, Salt Lake City, for defendant and appellant.

Oscar W. McConkie, of Kirton & McConkie, Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice.

This appeal challenges a judgment and decree of the district court which impressed against the defendant Vickie C. Jolley a constructive trust upon two new automobiles, a 1968 Pontiac Firebird and a 1968 Chevrolet Corvette which had been given her by one LaMar Kay, who had purchased the cars with money embezzled from the plaintiff church. On appeal defendant makes two contentions: 1) that a constructive trust can be imposed only on a fiduciary or confidant and not upon a third person with respect to whom no such relationship exists; and 2) that even if such a constructive trust could be imposed it should extend only to the amount of funds which were identified as being embezzled from the plaintiff and traced into that property.

Where the evidence is in dispute it is surveyed in the light favorable to the trial court findings.[1] The said LaMar Kay was an accountant employed by the plaintiff church. During 1967 and 1968, by the use of fictitious firm names and pretended payment of claims he was engaged in a scheme of embezzling funds. In April of 1968 he drew from a fictitious account in the name of "Barker and Clayton" in the Murray State Bank a check in the amount of $4,305.57 made payable to Peck and Shaw, automobile dealers, with which he paid $4,224.62 for the Pontiac Firebird in question.

In August, 1968, he drew another check on the same account in the amount of $3,000 with which he purchased a cashier's check payable to Capital Chevrolet; this check was then presented to the latter company as part payment for the 1968 Chevrolet Corvette which had a total purchase price of $5,008.87. The balance on this car was paid by $50 cash on August 26, 1968, and $1,958.87 on August 30, 1968. The latter two cash payments admittedly were not traced directly through the "Barker and Clayton" account of embezzled funds into the Corvette automobile. But the evidence does show that a few days before he made those cash payments on that automobile, LaMar Kay had drawn $2,700 in cash from that account.

Upon completion of the purchases as above stated, the titles to both of these automobiles were transferred to the defendant Vickie C. Jolley; and there is no evidence nor contention made that she gave any legal consideration for them. Inasmuch as she is not a bona fide purchaser for value, her defenses in raising the question as to her lack of knowledge of the source of the funds which purchase the automobiles, and her averment that a constructive trust can only be impressed upon the wrongdoing fiduciary or confidant are

1. Larson v. Evans, 12 Utah 2d 245, 364 P.2d 1088.

of no avail to her. Where one has stolen or embezzled the money or property of another, he obtains no title whatsoever. A constructive trust may be impressed upon it in his hands; and equity may continue the trust effective against *any* subsequent transferee, unless transferred to a bona fide purchaser and under circumstances where equity would require a different result.[2] The evidence in this case justified the court in its conclusion that the defendant had no better title to these automobiles than LaMar Kay had, and that they were held in constructive trust for the benefit of the plaintiff.

█ As to the defendant's second contention: that the plaintiff is not entitled to recover an equitable portion of the Corvette represented by the $1,958.87 and $50 cash payments which were not traced directly to the embezzled funds, this is to be said: Such direct tracing of funds is not an indispensable requisite to the conclusion arrived at. In the nature of the function of determining facts it is essential that the court or jury have the prerogative of finding not only facts based upon direct evidence, but also those which may be established from the reasonable inferences that may be deduced therefrom.[3] The circum-

stances here shown concerning the associations of the defendant with LaMar Kay, including the facts that she went with him on the occasion of the purchase of the automobile; and that a few days previous to making the payments in question he had withdrawn $2,700 from the embezzled funds account, provide a reasonable basis for the trial court to believe that it was paid for entirely by money embezzled from plaintiff.

Affirmed. Costs to plaintiff (respondent).

CALLISTER, TUCKETT and ELLETT, JJ., concur.

HENRIOD, Justice (dissenting).

Without expressing any opinion as to the rest of the main opinion and its conclusion, I dissent from that portion which includes $50 and $1,958.87 cash, in any amount upon which a purported trust could be impressed. The main opinion's own language reflects the weakness of the decision with respect to those amounts, which is compounded by the obvious conjecture indulged by "guessing" that such amounts must have been a part of a much greater withdrawal.

2. See Peterson v. Peterson, 112 Utah 554, 190 P.2d 135; Hawkins v. Perry, 123 Utah 16, 253 P.2d 372; Church v. Bailey, 90 Cal.App.2d 501, 203 P.2d 547.

3. Lym v. Thompson, 112 Utah 24, 184 P.2d 667.