**Kirk NELSON dba Nelson Sheet Metal, Plaintiff and Respondent,**

v.

**Richard WATTS dba Richard Watts Construction Company and Leon Carver, Defendants and Appellant.**

No. 14596.

Supreme Court of Utah.

April 26, 1977.

Gary N. Anderson and Lyle W. Hillyard, of Hillyard & Gunnell, Logan, for defendants and appellant.

Dale M. Dorius, Brigham City, for plaintiff and respondent.

MAUGHAN, Justice:

This is an action to recover money owed, for work performed by plaintiff Nelson, on the construction of the Logan Armory Building. Defendant Watts was the general contractor for the construction project; defendant Carver was the subcontractor. Mr. Carver is not a party to this appeal.

Plaintiff brought this action claiming he and defendant had entered into an oral contract. Under this contract plaintiff agreed to do a portion of the construction work and defendant agreed to pay for that work. Following a trial on the merits, the jury found for plaintiff in the amount of $1,678.18. Defendant's motion for judgment notwithstanding the verdict was denied. On appeal, defendant seeks reversal of the judgment on the grounds the jury's verdict was not supported by the evidence. We affirm. Costs to plaintiff.

In determining whether there was sufficient evidence to support the jury's verdict in favor of plaintiff, this Court will consider those facts which most strongly support the plaintiff's claim. Where there is any conflict in the evidence, this Court will consider as true that evidence which supports the verdict.[1]

The facts, which the jury could have believed, which most strongly support the verdict are as follows. Defendant Watts was awarded the general contract for the construction of the Logan Armory. The defendant subcontracted with Leon Carver for a portion of the construction. At the time of the subcontract, Carver believed he could perform the sheet metal work, and contracted with the defendant on that basis. Defendant was aware Carver was suffering financial difficulty and endeavored to protect himself, by requiring Carver to supply him with a list of all subcontractors with whom Carver intended to work. He wanted to pay all such subcontractors by a joint check payable to Carver and the sub-

---

1. *Whyte v. Christensen,* Utah, 550 P.2d 1289 (1976); *Holland v. Moreton,* 10 Utah 2d 390, 353 P.2d 989 (1960); *Page v. Federal Sec. Ins. Co.,* 8 Utah 2d 226, 332 P.2d 666 (1958); *More-* *ly v. Rodberg,* 7 Utah 2d 299, 323 P.2d 717 (1958); *Anderson v. Nixon,* 104 Utah 262, 139 P.2d 216 (1943).

contractor. In December, 1969, Carver found he could not perform the sheet metal work and requested plaintiff perform the work for him. Plaintiff refused, because he had heard Carver could not pay his bills.

Subsequently, plaintiff met with defendant Watts. During this meeting plaintiff testified defendant agreed to pay plaintiff if he would perform the sheet metal job. Plaintiff did perform, and in May, 1970, presented a bill for his services to the defendant. Defendant refused to pay. He contended he had not employed plaintiff; that plaintiff had been employed by Carver; that Carver had been paid for plaintiff's work; and that plaintiff's remedy was to seek reimbursement from Carver.

Plaintiff's testimony was corroborated by the testimony of a third party, present when plaintiff and defendant discussed the possibility of plaintiff's performing the sheet metal work. The facts were further corroborated by the testimony of Leon Carver, who stated that he did not bill defendant for plaintiff's work; because he understood plaintiff was employed directly by defendant. Carver further testified he did not list plaintiff as a creditor in his subsequent bankruptcy proceedings, because he did not believe he owed plaintiff anything. In addition, there was evidence presented which indicated defendant paid others, with whom he did not have a written contract, for work on the construction project.

In contradiction to this evidence defendant presented (1) his own testimony that, under the circumstances, he never would have employed the plaintiff without a written contract; and (2) the fact that one of plaintiff's invoices showed plaintiff first billed Carver for his services. (Plaintiff testified the invoice was mailed to the defendant Watts. Watts denied receiving it.)

In order to upset a verdict, the appealing party must show the evidence so clearly preponderates in his favor that reasonable people could not differ on the outcome of the case.[2]

We hold defendant has not maintained that burden on this appeal.

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

---

2. *Bezner v. Continental Dry Cleaners, Inc.,* Utah, 548 P.2d 898 (1976); *Larson v. Evans,* 12 Utah 2d 245, 364 P.2d 1088 (1961); *Dairy Distributors, Inc. v. Local 976, Joint Council 67, Western Conf. of Teamsters,* 8 Utah 2d 124, 329 P.2d 414 (1958).